**CARBONE BROS. & CO., Inc., et al.,**
**Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendant,**
**and**
**Interstate Commerce Commission and**
**Erie-Lackawanna Railroad Company, Intervening**
**ny, Intervening Defendants.**

United States District Court
S. D. New York.
April 28, 1961.

On Motions for Reargument
June 2, 1961.

Bernstein, Weiss, Hammer & Parter, New York City, for plaintiffs. Norman A. Coplan, New York City, of counsel.

Richard E. Costello, New York City, for Erie-Lackawanna Railroad Company. J. T. Clark, Cleveland, Ohio, of counsel.

Arthur J. Cerra, Asst. Gen. Counsel, Robert W. Ginnane, Gen. Counsel, I.C.C., Washington, D. C., for the Interstate Commerce Commission.

John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., W. Wallace Kirkpatrick, Acting Asst. Atty. Gen., Morton S. Robson, U. S. Atty., Southern Dist. of New York, New York City, Lee Loevinger, Asst. Atty. Gen., Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for the United States.

SUGARMAN, District Judge.

Plaintiffs suing to annul and set aside the dismissal of their complaint presented to and heard by the Interstate Commerce Commission, 306 I.C.C. 360, move for summary judgment.

Plaintiffs charged before the Commission that the Erie Railroad Company (now Erie-Lackawanna Railroad Company) in collecting from plaintiffs charges for switching and for icing melon cars consigned to plaintiffs were doing so unlawfully because the applicable tariff (Perishable Protective Tariff No. 16, I.C.C. 31, superseded by Perishable Pro-

tective Tariff 17, I.C.C. 34) did not authorize the charges.

The proceedings before the Commission were not limited to reparation for past alleged improper charges because in their complaint before the Commission plaintiffs (as complainants there) prayed "that defendant [Erie] be required * * to cease and desist from the aforesaid violations of said Act, and * * * pay to complainants * * * reparation for the unlawful charges hereinbefore alleged * * *." All parties seem to agree that the impact of the Commission's action here challenged may be upon the entire industry of rail transportation of perishable commodities under refrigeration.

Thus we find plaintiffs' brief on this motion for summary judgment reciting that:

"The principal issue may be stated as follows:

"Did the Commission err as a matter of law in approving the practice of the Erie Railroad Co. of assessing an extra charge for the re-icing and switching of the plaintiffs' melon cars at Croxton, New Jersey (an intermediate point in the through transportation) which cars were moving to New York under 'Standard Refrigeration', a protective service provided by the applicable tariff for the complete transportation?"

The defendant United States in its brief recites that:

"The only issue properly before this Court is whether there is a rational basis for the Commission's conclusion that the switching and re-icing charges collected by the Erie Railroad were applicable and not shown to have been or to be unjust, unreasonable, or otherwise unlawful."

Finally, the intervening defendants (the Commission and Erie) state that:

"The principle (sic) issue is whether there is evidentiary support and a rational basis for the Commission's conclusion that the switching and re-icing charges assessed and collected by railroad intervenor from plaintiffs on certain transcontinental carload shipments of melons were the applicable and lawful charges."

After appropriate proceedings, the Commission dismissed the complaint.

The matter is presented to the court under an allegation that

"[v]enue and jurisdiction of the Court are founded upon Section 10 of the Administrative Procedures Act (5 U.S.C. Section 1009), Section 17(9) of the Interstate Commerce Act (49 U.S.C. Section 17 (9) ), Sections 1336, 1398 and 2321–2323 of the Judicial Code of the United States (28 U.S.C. Sections 1336, 1398 and 2321–2323)."

Plaintiffs are dealers in fruits and vegetables in New York City. Melon cars consigned to plaintiffs are carried from California and Arizona to plaintiffs by defendant Erie as the delivering carrier.

When the plaintiffs' melon cars arrive at Croxton, New Jersey, they are inspected by Erie's employees. If the ice bunkers are at least three-fourths full on arrival, any additional ice furnished by the Erie is charged to the plaintiff to whom the car is consigned. If the cars are less than three-fourths full on arrival at Croxton, the Erie is required to re-ice the cars without additional charge to plaintiffs. It is the practice of charging which plaintiffs attack.

This court is constrained [1] *in limine, sua sponte,* to consider its jurisdiction.

The complaint herein prays "that the Court adjudge and determine that the actions, findings and conclusions of the Commission as set forth" in certain reports and orders annexed to the complaint "are unlawful, and without support and contrary to law and the evidence; that a decree should be entered perpetually setting aside and annulling said reports and orders; and that the entire proceeding

---

1. Cf. Idlewild Bon Voyage Liquor Corp. v. Rohan et al., 2 Cir., 1961, 289 F.2d 426.

be remanded to the Commission for further action, not inconsistent with the Court's decree; * * *."

Although the complaint does not in specific language seek an injunction as the same is contemplated in F.R.Civ.P. 65, 28 U.S.C.A., against the enforcement by the Commission of its report and orders, it is implicit in the prayer for relief that, if the plaintiffs prevail, it would be unrealistic to expect that they would not seek an order that the Commission be restrained from allowing a continuation of the re-icing charges under the defendants' tariff and that Erie be restrained from collecting the overcharges. Thus construing the complaint by its intendment, I am of the view that I lack the jurisdiction to grant the relief sought.

28 U.S.C. § 2325 forbids the granting of an interlocutory or permanent injunction restraining the enforcement, operation, execution in whole or in part of any order of the Interstate Commerce Commission except by a district court of three judges. 28 U.S.C.A. § 2284, subdivision (5), forbids a single judge to enter a summary judgment.

The court's doubt as to its jurisdiction is not dispelled by the exception recited in 28 U.S.C.A. § 2321 because, as above shown, far broader questions than mere reparations for past overcharges are presented.[2]

The plaintiffs' motion for summary judgment is denied. It is so ordered.

Counsel may obtain their exhibits at chambers.

### On Motions for Reargument

In a memorandum decision dated April 28, 1961 the court denied a motion of the plaintiffs Carbone Bros. & Co., Inc., et al., for a summary judgment in an action to annul and set aside the dismissal of their complaint presented to and heard by the Interstate Commerce Commission, 306 I.C.C. 360. Plaintiffs now move for reargument of the motion. The defendant United States of America and the Interstate Commerce Commission, intervening defendant, join in the plaintiffs' request for reargument and concur in the plaintiffs' contention that the court was in error in its determination that the court was without jurisdiction to grant the relief sought.

The essence of the plaintiffs' contentions on this motion for reargument is that the action seeks only a review of the Commission's denial of reparation. In the memorandum submitted on behalf of the defendant United States of America and the intervening defendant Interstate Commerce Commission appears the following:

"Even if the complaint before the Commission had attacked the reasonableness of the rates as such and had requested the prescription of reasonable rates for the future, any right to have such broader questions reviewed by a statutory three-judge district court has been abandoned by plaintiffs' failure to seek relief therefrom in their complaint for review of the Commission's action. Since this suit basically involves the payment of money and no administrative determination of national import is involved, the reasons for establishing a three-judge court with its expedited procedure are lacking."

The parties' contention that money damages alone were sought before the Commission is beyond comprehension. The Report of the Commission, at page 360, states:

"We are asked to require the defendant to cease and desist from the aforesaid violations of the Act, and to award reparation."

When the parties appeared before the court on oral argument they were in agreement that the decision of the motion would have far-reaching effects on a substantial industry, to wit, the melon trade in the metropolitan area. It was clear beyond doubt that the relatively insignificant sums of money allegedly overcharged on the "representative ship-

---

2. Cf. United States v. I. C. C., 1949, 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed. 1451.

ments" were not the real bone of contention in the litigation but rather the parties sought a judicial determination as to whether the Interstate Commerce Commission had correctly construed the applicable tariff.

In its memorandum decision the court quoted from the complaint filed in this court and from the parties' briefs on the motion for summary judgment, which clearly showed that equitable relief and not mere money damages was sought by the plaintiffs.

Despite the failure of the plaintiffs to make a timely motion for reargument, reargument is granted and on reargument the original decision is adhered to.

It is so ordered.